UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:

Sand Castle South Timeshare Owners Association, Inc.

Debtor.

Case No. 19-02764-jw
Chapter 11

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR ORDER AUTHORIZING THE DEBTOR-IN-POSSESSION TO PROCEED WITH THE STEPS FOR THE TERMINATION OF THE SAND CASTLE SOUTH TIMESHARE OWNERSHIP PLAN PURSUANT TO S.C. CODE § 27-32-520, *ET SEQ.***

The United States Trustee (the "UST") files this limited objection[1] to the Debtor's Motion for Order Authorizing the Debtor-in-Possession to Proceed With the Steps for the Termination of the Sand Castle South Timeshare Ownership Plan pursuant to S.C. Code § 27-32-500 *et seq*. filed on July 18, 2019 (the "Motion). ECF Doc. No. 33.

The Debtor filed for relief under Chapter 11 on May 22, 2019, and a meeting of creditors pursuant to 11 U.S.C. § 341 was held on July 9, 2019. The Debtor is a not-for-profit corporation created to manage, operate, and maintain a 39-unit timeshare condominium resort in the Sand Castle South condominium building located at 2207 South Ocean Boulevard, Myrtle Beach, South Carolina.

Through the Motion, the Debtor seeks authority under § 363(b)(1) for it to proceed with the steps for the termination of the Sand Castle South Timeshare Ownership Plan and the sale of the condominium in the timeshare regime pursuant to S.C. Code § 27-32-520. As set forth in the Motion, the Debtors assert that the current ownership consists of 2,028 intervals (based upon a calculation of 52 unit weeks for each of the 39 condominiums governed by the Debtor)

1

comprised as follows: (a) Debtor controlled/owned intervals – 1,254; (b) Individual Intervals (Owned/Current) – 244.5; (c) Individual Intervals (Delinquent) – 426.5.  The Debtor proposes to give notice and conduct a special meeting pursuant to the Act, S.C. Code § 27-32-500 *et seq.,* for the purpose of terminating the timeshare regime.  *See* Motion at ¶ 12.  At the special meeting, upon confirmation of a quorum under the bylaws of the Debtor, the Master Deed and Timeshare Plan Declaration, a vote to determine whether to terminate the regime will be taken.  *Id.* at ¶ 18.  Pursuant to the Act, a vote to terminate by 60% or more of the voting timeshare owner interests is necessary for the termination of the regime.  *Id.* at ¶ 19.

The Debtor asserts that upon the recording of an affirmative vote, (a) the Timeshare Plan Declaration, and the timeshare regime under it, shall be terminated, (b) the owners shall then own the property as tenants in common, and (c) the 39 condominium units thereafter may be sold by a partition action.  *Id.* at ¶ 20.

At the 341 meeting, the Debtor's president, Herbert Patrick, testified that in late 2018, Festiva Development Group, Inc., of whom he is also president, deeded some timeshare intervals to the Debtors for no consideration.  That would account for the 1,254 that the Debtor indicated in the Motion it controlled.  Upon request of the documentation evidencing the transaction, however, it became clear that the intervals were deeded to Sand Castle South Homeowners' Association – not to the Debtor.  According to the Debtor, the deed to the homeowners' association instead of the Debtor was a scrivener's error.  Moreover, it appears that some of the intervals were deeded on May 23, 2019 – the day after the bankruptcy filing.

## **OBJECTION**

The UST does not *per se* have an issue with the Debtor taking the proper action it is entitled to under South Carolina law. The UST, however, seeks additional information as to how the error in the deeding of the intervals will affect the proposed process – if at all. Moreover, the UST is concerned that intervals are being deeded back to the Debtor, thus saddling it with additional liability for the payment of maintenance fees, post-petition without Court approval. Lastly, the Motion seeks authority to proceed with the termination of the timeshare plan under S.C. law, "after which the Association plans to proceed with such actions for the sale of the 30 condominium units as may be appropriate." It is not entirely clear in the Motion whether the Debtor intends to seek further relief for the approval of a sale. The UST requests that the relief granted through the motion be limited solely to the termination of the timeshare plan so that additional information can be provided regarding the proposed sale and the terms of such sale, and parties in interest and members are given a further opportunity to object or respond.

Dated: July 31, 2019    Respectfully submitted,

        JOHN P. FITZGERALD, III
        ACTING UNITED STATES TRUSTEE
        REGION FOUR
           By: /s/ Elisabetta G. Gasparini
           Elisabetta G. Gasparini, Id. 11548
           Trial Attorney
           1835 Assembly Street, Ste. 953
           Columbia, SC 29201
           (803) 765-5227
           (803) 765-5260 (facsimile)
           Elisabetta.g.gasparini@usdoj.gov

## CERTIFICATE OF SERVICE

I, Elisabetta G. Gasparini, do hereby certify that on July 31, 2019, I served the below-named documents upon the parties listed below by electronic mail.

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR ORDER AUTHORIZING THE DEBTOR-IN-POSSESSION TO PROCEED WITH THE STEPS FOR THE TERMINATION OF THE SAND CASTLE SOUTH TIMESHARE OWNERSHIP PLAN PURSUANT TO S.C. CODE § 27-32-520,** *ET SEQ.*

## CERTIFICATE OF SERVICE

Julio E. Mendoza, Esq.
Nexsen Pruet, LLC
P.O. Box 2426
Columbia, SC 29202

Sand Castle South Timeshare Owners Association, Inc.
One Vance Gap Road
Asheville, NC 28805

> By: /s/ Elisabetta G. Gasparini
> Elisabetta G. Gasparini, Id. 11548
> Trial Attorney
> 1835 Assembly Street, Ste. 953
> Columbia, SC 29201
> (803) 765-5227
> (803) 765-5260 (facsimile)
> Elisabetta.g.gasparini@usdoj.gov

Date: July __ 2019